Opinion by
Mr. Chief Justice Moore.
Plaintiff in error will be referred to as Shira or plaintiff, and defendants in error will be referred to as defendants or by name when reference is made to less than all of them.
On July 7, 1959, Shira was driving an automobile on U.S. Highway 160 en route from Farmington, New Mexico, to Dove Creek, Colorado. Max Sandoval was driving a truck in connection with work on a highway construction project covering 5.8 miles between Cahone and Dove Creek, Colorado. A collision occurred between these two motor vehicles when Sandoval made a left turn, and as a result Shira was injured in the accident. He brought an action against the three defendants and attempted to establish liability of both the defendant Wood and the Lowdermilk Company based upon the assertion that Sandoval was an employee of Wood and Lowdermilk, and that his negligence caused the accident which arose out of his employment by them.
Lowdermilk denied all material allegations and affirmatively alleged that the defendant Sandoval was not its employee but was an employee of Wood who was an independent contractor operating on the job under the terms of a written agreement with the Lowdermilk Company. Defendant Wood denied plaintiff’s material *52 allegations and affirmatively asserted that Sandoval was not his employee but was an independent contractor.
At the close of the evidence the Lowdermilk Company moved for a directed verdict, which motion was granted by the trial court. Defendant Wood also moved for a directed verdict, which was strenuously resisted by the plaintiff’s attorney who argued that the evidence concerning the work, relationship between Sandoval and Wood was parol evidence; that portions of it were in dispute; and that a jury question was presented for determination under proper instructions. The trial court denied Wood’s motion and submitted to the jury the question of whether Sandoval, was an employee of Wood.
The verdict of the jury on the issues between the plaintiff and Wood was in favor of Wood, and between the plaintiff and Sandoval a verdict was returned in favor of the plaintiff in the sum of $12,500. Judgments were entered accordingly. Although summons to hear errors was served on Wood and Sandoval, neither of them entered an appearance in this court.
The controlling question for our determination is whether the trial court erred in determining as a matter of law that the written “load and haul” agreement between Lowdermilk and Wood created a relationship of independent contractor as far as Wood’s status is concerned.
Counsel for plaintiff argues that the trial court erred in directing a verdict in favor of Lowdermilk; that tendered exhibits were erroneously excluded from evidence; and that payroll records of Lowdermilk were improperly received in evidence. It is also urged as grounds for reversal that the trial court erred in denying an application to amend the second amended complaint filed by Shira, which application was made on June 14, 1965, one week prior to the date which had long before been set for trial of the case. The original complaint of the plaintiff was filed November 21, 1960. *53 A first and a second amended complaint were filed. The plaintiff’s claim in all of the pleadings was based upon negligence of Sandoval which was allegedly chargeable to Wood and the Lowdermilk Company under the doctrine of respondeat superior. The pretrial order governing the trial was entered on February 25, 1965, and was directed to the issues framed by the second amended complaint and the answers filed thereto.
Almost five years after commencement of the action; four months after the pretrial order; and only a few days prior to trial; counsel for Shira sought to amend his second amended complaint “by interlineation” in such a manner as to inject into the action a claim based upon some provisions of a performance bond suppliéd by United States Fidelity and Guaranty Company as surety for the Lowdermilk Company in which performance of the contract entered into between the state highway department and Lowdermilk was guaranteed. The trial court did not err in denying the request. In Ferguson v. Hurford, 132 Colo. 507, 290 P.2d 229, this court said, with reference to a pretrial hearing, that:
“* * * the order precludes any further challenge of the questions determined at the conference. * * * In the absence of an objection, all matters determined at the pretrial conference have the force and effect of a stipulation of the parties as to the correctness thereof. The pre-trial order controls the subsequent course in the action unless the court, at the trial, modifies the same to prevent manifest injustice. * * *” No abuse of discretion was committed by the trial court in requiring the cause to proceed to trial on the issues made by the pleadings as they existed at the time of the entry of the pretrial order.
Counsel for plaintiff offered in evidence the following:
“la — Project contract between Lowdermilk and State of Colorado.
*54 “lb — U.S.F.&G. performance bond.
“lc — Plans and specifications on contract project.
“Id — Colorado Department of Highways manual on Standard Specifications for Road and Bridge Construction.”
Counsel for the Lowdermilk Company objected to these exhibits, and the trial court sustained the objections. Suffice it to say that in this connection no error was committed.
 We have read the full three volume record of proceedings before the trial court and conclude that it did not err in determining as a matter of law that Wood was not an employee of Lowdermilk. There was no competent evidence upon which a jury could have based a verdict in favor of the plaintiff against the company.
As to the question of the relationship between Wood and Sandoval, the jury under instructions to which no objections were made resolved the issue against the claim of plaintiff that Sandoval was an employee. We find no error in the record.
The judgment accordingly is affirmed.
Mr. Justice Sutton, Mr. Justice Day and Mr. Justice Hodges concur.